IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Brian Wrenn, et al., | ) | No. 16-7025 |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| District of Columbia and | ) | |
| Cathy Lanier, et al., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

REPLY TO DEFENDANTS' OPPOSITION TO THE MOTION TO STAY

Plaintiffs welcome Defendants' candor as to why they wish that the District Court would be allowed to reach its inevitable judgment before this appeal can be decided: "if plaintiffs prevail on appeal, [the Defendants would] be enjoined from enforcing a critical public safety law while litigation is pending." Opp. at 1.

In other words, the Plaintiffs might be suffering irreparable harm in having their rights violated. Better to have the District Court, which has already sided with the City, moot this appeal. The argument assumes, of course, that the Defendants are entitled to win the appeal.

1

As they put it, "this Court should . . . conclude here that the District has an interest in enforcing the 'good reason' standard while litigation is pending," and so they should not have to worry about "whether the Court agrees" that Plaintiffs are likely correct "pending a final judgment." Opp. at 20.

That is a remarkable position, and the reply could end here. *Whether the challenged laws should be enjoined is the subject of this appeal, not the subject of this motion.* And as the decision on appeal is one that this Court is entitled to make, and would make not on Defendants' say-so here but after briefing and argument, it has the power to supervise the lower court in aid of its own jurisdiction. Defendants thus misstate the relevant standard. The issue is not the District Court's abuse of discretion in managing its docket or ordering discovery (though, to be sure, the District Court did abuse its discretion in denying relief, an extraordinary event, as Plaintiffs have shown, considering how courts usually treat such matters). Rather, the issue is *this Court's* authority to protect *its* appellate jurisdiction from the interference of a parallel proceeding, and from the exceedingly-likely mootness that would occur if a decision below issues before this appeal could be concluded.

Unlike the Defendants, Plaintiffs do not assume that they will win this appeal, and this motion does not depend on that assumption. Defendants have used this motion as an opportunity to brief the merits of their appeal, but Plaintiffs will not respond in kind. Suffice it to say, the merits of the appeal are disputed. For purposes of this motion, the Court will note that nowhere have Plaintiffs made any predictions about how this appeal would be decided. Plaintiffs have *not* "argue[d] this Court will decide the constitutionality of the 'good reason' standard by applying a categorical analysis." Opp. at 8. To be sure, that is Plaintiffs' argument, but it is irrelevant here.

Rather, there is a distinct possibility, considering that Plaintiffs' argument has been accepted by many (though far from all) courts before, that Plaintiffs might win. For this reason, Plaintiffs do continue to point out Judge O'Scannlain's panel opinion in *Peruta* v. *Cnt'y of San Diego*, 742 F.3d 1144 (9th Cir. 2014), *reh'g en banc granted*, 781 F.3d 1106 (9th Cir. 2015)—not because that opinion should or could be followed on this motion, but because it exemplifies a possible outcome.[1]

---

[1]Defendants miss the point in chiding Plaintiffs for citing a vacated opinion. Undersigned counsel is well-aware that the case was re-argued en banc, as he cited in Plaintiffs' motion—counsel

Also within the realm of possibility is that Plaintiffs lose, as did the plaintiffs challenging similar laws in the Second, Third, and Fourth Circuits—on the law. *Drake* v. *Filko*, 724 F.3d 426 (3d Cir. 2013); *Woollard* v. *Brown*, 712 F.3d 865 (4th Cir. 2013); *Kachalsky* v. *Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012). None of those cases involved *any* experts, *any* discovery, or *any* disputes relating to adjudicative facts. Undersigned counsel is familiar with those proceedings as well, having litigated two of them in the district court (once successfully) and all three on appeal.

And so we have a sum total of five District Judges and four panels (*Peruta* being a consolidated appeal from two different courts)—a total of seventeen (17) federal judges—deciding essentially identical cases, differently, but all without depending on much if any factual development. The Defendants here are trying to sell this case as one where extensive factual disputes might be resolved, and a "full record" might need to be developed, in order to get a true final judgment that takes everything into account. Not so. If this Court agrees with

---

participated in that argument. The issue is not whether the argument is correct, but that it is well within the realm of possibility.

Defendants as to Plaintiffs' likelihood of success, the case will all but assuredly be over. It is difficult to see Plaintiffs prevailing if this Court accepts the Defendants' framing of this case, presented in their opposition, as one where they need only submit enough facts to show that the City Council had a basis for enacting the law.

Since the District Court has already accepted Defendants' view of the law, the ultimate outcome below is not much in doubt. But neither is it speculative that this appeal would resolve the matters pending before the District Court—which will either be affirmed, effectively ending the dispute in Defendants' favor, or reversed, thus obviating the need for any factual development.

There is no question about what is going on. Defendants want to multiply the proceedings, and empower the District Court to preserve its decision by allowing it the option of mooting this appeal. District courts in like circumstances—where the question is plainly one of law and adjudicative factual development is irrelevant regardless of which side is right—tend to reject this power and stay proceedings so that the appeal can proceed without interference and without the overhanging cloud of mootness. Not here, hence this motion.

5

What the Defendants have not revealed is any serious opposition to the motion. They suffer no legitimate harm by *finally* having a panel of this Court, after lo these many years, examine the constitutionality of this particular, and particularly controversial, municipal practice. There is no injunction in place. Defendants are enforcing the law. Whether the Defendants have any legitimate interest in avoiding the entry of a preliminary injunction is the topic of the appeal.

* * *

Defendants are correct about one thing: Plaintiffs cannot predict the future. They don't know what *will* happen. But the calendar, the ordinary operation of the rules, common sense and ordinary experience make it no mystery as to what might well occur. What will happen in February or March, if the judges of this Court are putting the finishing touches on their opinions, only to see the District Court moot the appeal with a decision possibly contrary to that which this Court would have imminently issued? What would happen if the Defendants stretch out the process, consuming weeks and months with a petition for rehearing en banc, allowing time for the District Court's decision to buy them another bite at the apple? Would this Court issue another

statement lamenting the undoing of so much work? Plaintiffs should not be in the position of worrying about such things—and neither should this Court.

Respectfully, the District Court's proceedings should be stayed pending the outcome of this expedited appeal.

Dated: May 3, 2016                  Respectfully submitted,

/s/ Alan Gura
Alan Gura
Gura & Possessky, PLLC
916 Prince Street, Suite 107
Alexandria, VA 22314
703.835.9085/703.997.7665

Counsel for Appellants

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2016, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties/counsel of record by operation of the court's electronic filing system.

/s/ Alan Gura
Alan Gura
Counsel for Appellants